DIBBLE v. RICHARDSON et al.

(Supreme Court, Special Term, Kings County. December, 1900.)

MORTGAGES—BEQUEST TO DEBTOR—MORTGAGE BY DEBTOR'S WIFE—DISCHARGE BY BEQUEST.

Where testatrix pledged certain stock owned by her as security for a debt of defendant's husband, and while the debt was unpaid executed a codicil to her will by which she bequeathed to defendant's husband any sums of money owed to her at her decease by him, and subsequently gave

defendant's husband funds with which to pay the debt for which the stock was pledged, taking the bond and mortgage in suit from defendant, such mortgage was not paid by her bequest, since the pledge of testatrix's stock at the time of the execution of the codicil did not make defendant's husband a debtor to testatrix, and the mortgage made defendant a principal debtor, and not a surety for her husband's debt.

Suit by John Dibble, as executor of Mary Callahan, deceased, against Annie C. Richardson and another, to foreclose a mortgage. Judgment for plaintiff.

Suit to foreclose a mortgage for $6,000 given by the defendant Annie C. Richardson to the testator to secure a bond for the same amount given by the same defendant to the testator; and judgment for any deficiency is prayed for against the said defendant. Her husband is a co-executor with the plaintiff of the will of the testator, and is joined as a defendant only because he refused to unite with the plaintiff in bringing the suit. The answer of the said wife pleads payment as a defence, i. e., that the debt of $6,000 for which she gave the said bond and mortgage was not her debt but the debt of her said husband, and that the testator by a codicil to her will discharged the said debt by the following clause:

"I hereby direct and provide that in case any sums of money should be owing to me or to my estate from Asa B. Richardson that such sum or sums shall not be claimed from him by my executors,' but shall be treated as a bequest to him; and any evidence of indebtedness from him shall be given up and cancelled by my executors." ·

The facts are that on October 10, 1890, the testator signed and delivered to the Produce Exchange Bank a paper authorizing it to make loans "from time to time" to the defendant Asa B. Richardson against 95 specified shares of stock owned by her in the said bank as security, such loans not to exceed $5,000. On September 30, 1893, the said bank loaned to the said Asa B. Richardson $6,000 on his note secured by 60 of the said shares of bank stock. It does not appear what loans, if any, preceded this, or whether it was a renewal. This indebtedness remained until October 23, 1895, when the testator gave to the said Asa B. Richardson her three drafts on three banks aggregating $6,000, which he deposited in his bank, and thereupon drew his own check the same day to the order of said bank for $6,019.17, and therewith paid and took up his said note for $6,000; and on the same day the defendant Annie C. Richardson executed and delivered to the testator the bond and mortgage in question. On the payment of the said note the bank returned to the testator her said bank shares. While the said note remained unpaid, viz., on June 8, 1895, the testator executed the said codicil. She died in March, 1900, aged 84 years. Interest was regularly paid on the said bond and mortgage up to the time of her death.

Everet Masten, for plaintiff.
Edward M. Grout, for defendants.

GAYNOR, J. No evidence was given in respect of any indebtedness of the defendant Asa B. Richardson to the testator at the time she executed her codicil. He was not then indebted to her for the $6,000 which he owed to the bank. That her stock was up as security for his note therefor did not make him owe her any sum. But a few months after making the codicil she gave him $6,000 to pay the said note. On the same day the defendant Annie C. Richardson gave her bond therefor secured by her mortgage. This made her a principal debtor to the testator. She did not become a mere surety to her husband, but on the contrary bound herself as principal. The testator loaned $6,000 and at the same time took back the bond and mortgage therefor. The transaction shows that she

did not loan the money on the faith or credit of the husband, but on the bond and mortgage of the wife. She does not appear to have taken any obligation from the husband therefor. The clause of the codicil "that in case any sums of money should be owing to me or to my estate from Asa B. Richardson that such sum or sums shall not be claimed from him," etc., does not discharge the said specialty debt of the wife to the testator. She does not occupy the position of surety for a debt of the husband which is discharged thereby, but is herself a principal debtor for a sum which it does not appear that the husband is bound for at all.

Judgment for the plaintiff.